### In re SORUM.

(Court of Appeals of District of Columbia. Submitted March 8, 1920. Decided May 3, 1920.)

No. 1290.

1. **Patents ⊕=26 (2)—Combining adding machine and denominationalizing mechanism held invention.**

The combination with an adding machine of a denominationalizing 'mechanism, instead of coin ejectors, as in the prior art, which had previously occurred to no one else, discloses invention, since the art is comparatively new, the machines brought into co-operation are complicated, and the advance achieved by that co-operation' is marked.

2. **Patents ⊕=35—Acceptance and utility is evidence of invention.**

The patent law regards the acceptance and utility of a change as evidence of invention.

3. **Patents ⊕=32—Doubts resolved in favor of invention.**

Where it is doubtful whether a patent application discloses invention, the doubt should be resolved in favor of the applicant.

Appeal from the Commissioner of Patents.

In the matter of the application of Alexander .E. Sorum for the allowance of a patent. From a Patent Office decision, rejecting claims 5 to 21, inclusive, the applicant appeals. Reversed, and case remand-

⊕=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ed for the allowance of such claims as will adequately cover the invention.

H. C. Robb, of Washington, D. C., and J. F. Robb, of Cleveland, Ohio, for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

ROBB, Associate Justice. Appeal from a Patent Office decision rejecting 17 claims, from 5 to 21, inclusive, of which claims 7 and 20 are sufficiently illustrative:

"7. The combination with an adding machine comprising an accumulating mechanism and manipulating devices controlling the setting up of amounts to be accumulated, of denominational counters, and means for operating the counters automatically and incident to the operation of the accumulating mechanism to determine the number of units of different denominations or values necessary to make up each amount set up by the manipulative devices for accumulation."

"20. In a machine of the class described, the combination of a plurality of counting devices, an actuator associated with each counting device, operating means for the actuators normally inoperative relative thereto, and means for initially selecting one or more of the actuators to render the same operative in respect to said operating means, and accounting mechanism including accounting instrumentalities adapted for preliminary selection by the aforesaid selecting means, and operating means for said instrumentalities actuated from the above-mentioned operating means."

[1] The pay rolls of large employers of labor are made up in advance, and, in making up those pay rolls, it is desirable that a printed record of each wage item be kept and a constant total of all items carried. If this is done, time and labor will be conserved, because the specific number of bills and coins required to be obtained at the bank will be known in advance. It was to meet this condition that the applicant brought together his combination. Prior to the entry of Sorum into the field, Griffen had invented a machine "for automatically registering or recording the different denominations of coin and paper money necessary to make up any given amount." Patent 979,-391, December 20, 1910. In other words, the function of Griffen's machine is automatically to separate a given amount into its elements. Marks' (British, 28,084, December 5, 1912) had evolved a combined adding machine and ejecting mechanism; that is to say, it is necessary in the Marks machine to guess at the approximate amount needed, place it in the machine, and then have it separated into its elements. The Commissioner says of this invention:

"Instead of listing on what applicant refers to as a 'denominationalizing' mechanism the smallest number of coins necessary to pay the roll, the smallest number of coins are ejected to pay each item of the roll."

The Patent Office tribunals were of the view that no invention was involved "in combining with the adding machine a denominationalizing mechanism, instead of coin ejectors." We are unable to accept this conclusion. Appellant stands forth as the originator of the idea. Up to the time he gave it expression, it apparently had occurred to no one else. He not only conceived the idea of combining an adding

machine with a denominationalizer, but put that idea into effect by so combining the two machines as to bring about a new and useful result. In the circumstances, we think that what he has done amounts to invention. Inasmuch as the art is comparatively new, the machines brought into co-operation by the applicant complicated, and the advance achieved by that co-operation marked, there is ample room for the application of the general rule—

"that if a new combination and arrangement of known elements produce a new and beneficial result, never attained before, it is evidence of invention." Loom Co. v. Higgins, 105 U. S. 591, 26 L. Ed. 1177.

[2] The observation of the court in Diamond Rubber Co. v. Consolidated Rubber Tire Co., 220 U. S. 428, 31 Sup. Ct. 444, 55 L. Ed. 527, is here pertinent:

"The law has other tests of the invention than subtle conjectures of what might have been seen and yet was not. It regards a change as evidence of novelty; the acceptance and utility of change as a further evidence, even as demonstration."

[3] Under the rule announced in the Eastwood and Harbeck Cases, 33 App. D. C. 291, and 39 App. D. C. 555, applicant would be entitled to a patent, even if this were a doubtful case.

The decision is reversed, and the case remanded for the allowance of such of the claims as will adequately cover applicant's invention.

Reversed and remanded.